IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rabbi Dean Alton Holcomb, a/k/a Dean Alton Holcomb, | ) ) ) | C/A No.: 1:14-3772-MGL-SVH |
| Plaintiff, | ) ) ) | ORDER |
| vs. | ) ) | |
| The United States Justice Department; The Attorney General, Eric Holder, in his official capacity; The FBI; and The Director of the FBI, in his official capacity, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

  This is a civil action filed by a local prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2)(e) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

  By order issued on October 1, 2014, the court allowed Plaintiff an opportunity to bring this case into proper form within a specific time frame. [ECF No. 5]. Plaintiff has substantially complied with the court's order, and this case is now in proper form.

**PAYMENT OF THE FILING FEE:**

  By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350. *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a), (b). As the court has granted Plaintiff permission to proceed in forma pauperis, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.** *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn

from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit to this court pursuant to 28 U.S.C. § 1915(a)(1), which is construed as a Motion for Leave to Proceed in forma pauperis. A review of the motion reveals that Plaintiff does not have the funds to prepay the filing fee. Plaintiff's Motion for Leave to Proceed in forma pauperis is granted. [ECF No. 9].

### **TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue the summons or forward this matter to the United States Marshal for service of process at this time.

### **TO PLAINTIFF**:

Plaintiff must place the civil action number listed above (C/A No.: 1:14-3772-MGL-SVH) on any document provided to the court pursuant to this order. **Any future filings in this case must be sent to 901 Richland Street, Columbia, South Carolina 29201.** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. Pro se litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Plaintiff is directed to use letter-sized (eight and one-half inches by eleven inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a pro se litigant. Plaintiff's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised **in writing (901 Richland Street, Columbia, South Carolina 29201)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket

number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

IT IS SO ORDERED.

*Shiva V. Hodges*

October 20, 2014
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**<u>Plaintiff's attention is directed to the important warning on the next page.</u>**

3

## IMPORTANT INFORMATION ....PLEASE READ CAREFULLY

## WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM.  **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court.  Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court.  If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing.  A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.**  If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.**  If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.**  If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.**  If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information  –  such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(filings made under seal) and (e) (protective orders).