IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rabbi Dean Alton Holcomb, a/k/a Dean Alton Holcomb, ) | C/A No.: 1:14-3772-MGL-SVH |
| Plaintiff, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| United States Justice Department; Attorney General, Eric Holder, in his official capacity; the FBI; and the Director of the FBI, in his official capacity, ) | |
| Defendants. ) | |

Plaintiff Rabbi Dean Alton Holcomb, proceeding pro se and in forma pauperis, brings this action seeking the issuance of a writ of mandamus against the United States Justice Department, Attorney General Eric Holder, the FBI, and the Director of the FBI ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff files this writ of mandamus requesting that this court compel Defendants to investigate his claims that the Greenville County Sheriff's Office and its officers, the Thirteenth Judicial Circuit of South Carolina, including the judges, solicitors, and public

defenders, and the South Carolina Law Enforcement Division have violated state and federal laws and are conspiring to bring false claims against him. [ECF No. 1]. Plaintiff also asks that Greenville County Detention Center be investigated for overcrowding. *Id.* at 30.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

The authority of federal courts to issue extraordinary writs derives from the "all writs statute," 28 U.S.C. § 1651. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Section 1651 provides, in pertinent part, that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Federal district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

"Mandamus is a drastic remedy, to be invoked only in extraordinary situations." *United States v. Moussaoui*, 333 F.3d 509, 516 (4th Cir. 2003) (internal quotation marks omitted). The Fourth Circuit Court of Appeals has held that:

> [T]he party seeking the writ must demonstrate that (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

*United States ex rel. Rahman v. Oncology Assocs., P.C.,* 198 F.3d 502 (4th Cir. 1999). The writ "is intended to provide a remedy for a plaintiff . . . only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Courts have held that mandamus is not available to compel federal agencies to investigate or prosecute civil or criminal cases. *See, e.g.*, *In re Givens*, 397 Fed. App'x. 857, 858 (4th Cir. 2010); *Rochester v. Thurmond*, C.A. No. 2:03-3373-HMH-RSC, 2004 WL 3712030, *3 (D.S.C. Apr. 19, 2004).

The instant petition fails to establish that Plaintiff has a "clear and indisputable right to the relief sought," as Plaintiff does not show that Defendants owe him a nondiscretionary duty to investigate and prosecute his complaints. "The Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws," including the discretion whether or not to file charges and prosecute. *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985) (further quotation omitted)). Mandamus is not available to compel Defendants to prosecute known civil rights violators, to alter the scope of their investigations, or to conduct particular investigations because the investigation and institution of a criminal prosecution falls within their discretion. *Peek v. Mitchell*, 419 F.2d 575, 577 (6th Cir. 1970); s*ee also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982) (decision to initiate a criminal investigation is left within the FBI's discretion); *Whittle v. Moschella*, 756 F.Supp. 589, 597 (D.D.C. 1991) (dismissing plaintiff's mandamus action against

4

Department of Justice and FBI because neither agency, nor any other official or agency of United States owed plaintiff a nondiscretionary duty to investigate brother's death). Plaintiff has failed to demonstrate that he meets the requirements for an issuance of a writ of mandamus. Accordingly, this case is subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

October 20, 2014                                                         Shiva V. Hodges
Columbia, South Carolina                                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).