

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| RABBI DEAN ALTON HOLCOMB, a/k/a Dean Alton Holcomb, Plaintiff, | § § § § |
| vs. | § CIVIL ACTION NO. 1:14-3772-MGL-SVH § |
| UNITED STATES JUSTICE DEPARTMENT; ATTORNEY GENERAL ERIC HOLDER, in his official capacity; the FBI; and the DIRECTOR OF THE FBI, in his official capacity, | § § § § § § § |
| Defendants. | § |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING THE ACTION WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed seeking a writ of mandamus against the above-named defendants. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the action be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 20, 2014, but Plaintiff failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Plaintiff seeks a writ of mandamus from this Court that would require Defendants to investigate his claims that the Greenville County Sheriff's Office and its officers, the Thirteenth Judicial Circuit of South Carolina (including judges, solicitors, and public defenders), and the South Carolina Law Enforcement Division have violated state and federal laws and are conspiring to bring false claims against him. He also requests that the Greenville County Detention Center be investigated for overcrowding.

Federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This Court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Under Fourth Circuit precedent,

> the party seeking the writ must demonstrate that (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to

> attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

*United States ex rel. Rahman v. Oncology Assocs., P.C.,* 198 F.3d 502, 511 (4th Cir. 1999).

As the Magistrate Judge rightly recognized, "[t]he instant petition fails to establish that Plaintiff has a 'clear and indisputable right to the relief sought,' as Plaintiff does not show that Defendants owe him a nondiscretionary duty to investigate and prosecute his complaints." Report 4.  Accordingly, Plaintiff is not entitled to the issuance of a writ of mandamus.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of this Court that the action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 18th day of November, 2014, in Spartanburg, South Carolina.

                                        s/ Mary G. Lewis
                                        MARY G. LEWIS
                                        UNITED STATES DISTRICT JUDGE

*\*\*\*\*\**
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.